**Aaron D. Aftergood (SBN: 239853)**
**THE AFTERGOOD LAW FIRM**
**1875 Century Park East, Suite 2230**
**Los Angeles, CA 90067**
**Telephone (310) 551-5221**
**Facsimile (310) 496-2840**

Attorney for Plaintiff KENNETH J. SCHMIER.

# E-filing

WHA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH J. SCHMIER, | CASE N09     2740 |
| Plaintiff, | |
| vs. | **PLAINTIFF'S COMPLAINT FOR:** |
| JUSTICES OF THE CALIFORNIA SUPREME COURT; MEMBERS OF THE JUDICIAL COUNCIL OF CALIFORNIA; SCOTT DREXEL, in his capacity as Chief Trial Counsel for the State Bar of California; COMMISSIONER KENNETH I. SCHWARTZ, in his capacity as Traffic Judge, Dept. C54, Superior Court of California, County of Orange; ANTHONY RACKAUCKAS, District Attorney for the County of Orange; and DOES 1 through 50, inclusive, | **1.  VIOLATION OF CIVIL RIGHTS AND INJUNCTIVE RELIEF [42 U.S.C. § 1983];** <br><br> **2.  DECLARATORY RELIEF [28 U.S.C. § 2201]** |
| Defendants. | |

COMES NOW Plaintiff KENNETH J. SCHMIER, and for causes of action against Defendants and each of them, hereby complains, avers, and alleges as follows:

## PARTIES

1.      At all times herein mentioned, Plaintiff KENNETH J. SCHMIER was, and is, an individual and an attorney at law, and a resident of the County of Marin, State of California.

1     2.     At all times herein mentioned, defendants, JUSTICES OF THE CALIFORNIA SUPREME

2   COURT are sued in their individual capacities as members of the institution ultimately responsible for

3   disciplining members of the State Bar of California.

4     3.     Defendants MEMBERS OF THE JUDICIAL COUNCIL OF CALIFORNIA, are sued in

5   their individual capacities as members of the court rulemaking and advisory body created pursuant to Cal.

6   Const. Art. VI, § 6(a), and responsible for the promulgation of California Rules of Court on behalf of the

7   Supreme Court of California.

8     4.     Defendant SCOTT DREXEL is sued in his individual capacity as Chief Trial Counsel for

9   the State Bar of California and is the officer of that institution initiating discipline of bar members.

10     5.     Defendant COMMISSIONER KENNETH I. SCHWARTZ, is the court sitting in

11   Department C54 of the Superior Court of California, which Court has calendared arraignment and trial of

12   Plaintiff's client on July 22, 2009.

13     6.     Defendant ANTHONY RACKAUCKAS is sued in his individual capacity as district

14   attorney for the County of Orange, and is the person charged with prosecuting a client of Plaintiff, and as

15   such has the authority to move for sanctions and other discipline of Plaintiff related to any violation of

16   California Rules of Court by Plaintiff during said prosecution.

17     7.     Plaintiff is informed and believes and thereon alleges that Defendants, DOES 1 through 50,

18   and each will use purported authority to prevent Plaintiff from exercising 1st and 14th Amendment rights or

19   act to punish Plaintiff for so doing.

20     8.     Plaintiff is informed and believes and thereupon alleges that Defendants DOES 1 through 50

21   and each of them are the agents, employees or representatives of their co-defendants and are acting in the

22   course, scope, and authority of governmental or quasi-governmental institutions and are depriving Plaintiff

23   of 1st Amendment and 14th Amendment rights, and/or are seeking to discipline Plaintiff for exercising said

24   rights.

25     9.     The true names and/or capacities, whether individual, corporate associate, governmental or

26   otherwise of defendants, DOES 1 through 50, inclusive and each of them are unknown to Plaintiff, who

27   therefore sues said defendants by such fictitious names.  When the true names and/or capacities of said

28   defendants are ascertained, the Plaintiff will seek leave of this Court to amend the Complaint accordingly.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1 **JURISDICTION AND VENUE**

2       10.      Jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C.

3 § 1331, in that the Plaintiff's claims herein are of denial of his constitutional rights to freedom of speech

4 and due process arising under the 1st and 14th Amendments of the U.S. Constitution, and this Court has

5 jurisdiction to adjudicate the general constitutionality of California Rules of Court ("C.R.C.") Rule

6 8.1115(a), pursuant to the doctrine enunciated in *Dist. Ct. of Appeals v. Feldman* 460 U.S. 462, 482-

7 483, 103 S.Ct. 1303, 1315-1316, 75 L.Ed.2d 206 (1983).

8       11.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), in that Defendants

9 MEMBERS OF THE SUPREME COURT OF CALIFORNIA; MEMBERS OF THE JUDICIAL

10 COUNCIL OF CALIFORNIA, and SCOTT DREXEL, in his capacity as Chief Trial Counsel for the

11 State Bar of California all have their principal place of business in the City and County of San Francisco.

12 **SUMMARY OF ACTION**

13       12.      At all times herein mentioned, Plaintiff was and is a member of the State Bar of

14 California, and was, is, and will be, counsel of record for Michael N. Jennings (DEFENDANT

15 JENNINGS), who is a Defendant in a presently pending criminal matter before the Orange County

16 Superior Court, Case No. SA138658PE, arising from said DEFENDANT JENNINGS' alleged violation

17 of Cal.Veh.C. § 21453(a) on March 12, 2009.

18       13.      Plaintiff will also be defending other clients similarly charged.

19       14.      The charges against DEFENDANT JENNINGS have been brought by the Office of the

20 Orange County District Attorney predicated solely upon an Automated Traffic Enforcement System

21 (ATES) installed by the City of Santa Ana at the intersection of Santa Ana Blvd. and Main Street

22 (SUBJECT ATES INTERSECTION), in the City of Santa Ana, County of Orange, State of California

23 (hereinafter UNDERLYING ATES INFRACTION). DEFENDANT JENNINGS' arraignment and trial

24 thereon is presently set for July 22, 2009.

25       15.      Discovery demonstrates absence of evidence of compliance by the City of Santa Ana with

26 Cal.Veh.C. § 21455.5(b) insofar as the SUBJECT INTERSECTION as of March 12, 2009.

27       16.      Plaintiff, on behalf of Defendant JENNINGS, will offer evidence in the UNDERLYING

28 ATES ACTION that will prove that the City of Santa Ana failed to comply with the requirements of

3

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1   Cal.Veh.C. §21455.5(b) with respect to the SUBJECT ATES INTERSECTION in that it did not issue
2   warning notices only for the first 30-day period following installation of the ATES at the SUBJECT
3   ATES INTERSECTION, prior to issuing the March 12, 2209 violation.

4       17.     The failure to issue warning notices only for the first 30-day period following installation
5   of the ATES at the SUBJECT ATES INTERSECTION is a complete defense to the violation of
6   Cal.Veh.C. § 21455.5(b) charged in the UNDERLYING ATES ACTION, as determined in three
7   unpublished decisions of the Appellate Department of the Orange County Superior Court.

8       18.     On December 18, 2008, the Appellate Division of the Orange County Superior Court
9   issued its decision in a case styled *People of the State of California v. Fischetti* 2009 WL 221042, 170
10  Cal.App.4th Supp. 1 (hereinafter *Fischetti II*), wherein the Appellate Court held that compliance with
11  Cal.Veh.C. §21455.5(b)'s warning requirements was mandatory for each ATES intersection separately
12  installed and that a controlling municipality's failure to so comply was and is a complete defense to
13  prosecution of an infraction at any such noncompliant intersection where the sole evidence relied upon
14  for conviction was a non-complaint ATES.  The *Fischetti II* decision was subsequently certified for
15  publication on January 15, 2009.

16      19.     On August 28, 2008, the Appellate Division of the Superior Court of California, County
17  of Orange issued its decision in a case styled *People of the State of California vs. Anna Vrska*, Case No.
18  30-2008-00044344, wherein the Appellate Department of the Orange County Superior Court also held
19  that compliance with Cal.Veh.C. §21455.5(b)'s warning requirements was mandatory for each ATES
20  intersection separately installed and that a controlling municipality's failure to so comply was and is a
21  complete defense to prosecution of an infraction at any such noncompliant intersection where the sole
22  evidence relied upon for conviction was a non-complaint ATES.  Said decision was not published by the
23  appellate division, but upon request of Ms. Vrska was submitted by the appellate division to the
24  Supreme Court of California with a finding that it does meet the criteria for publication and should be
25  published.

26      20.     On January 31, 2005 the Appellate Division of the Superior Court of California, County
27  of Orange, issued its decision in a case styled *People of the State of California vs. Fischetti*, Case No.
28  AP-14168, wherein the Appellate Department of the Orange County Superior Court also held that

4
**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1    compliance with Cal.Veh.C. §21455.5(b)'s warning requirements was mandatory for each ATES
2    intersection separately installed and that a controlling municipality's failure to so comply was and is a
3    complete defense to prosecution of an infraction at any such noncompliant intersection where the sole
4    evidence relied upon for conviction was a non-complaint ATES. The City of Costa Mesa, with the
5    support of the cities of Long Beach and Santa Ana petitioned the Supreme Court of California for review
6    of this decision. Review was denied. This decision is not published.

7    21.    To date, no other appellate authority of the State of California, published or unpublished,
8    has reached a contrary conclusion to that reached by the Court in *Fischetti II* with respect to the
9    mandatory application of the Cal.Veh.C. §21455.5(b)'s warning requirements by intersection, and thus
10   at the time it was published, *Fischetti II* was, and continues to be the sole, uncontradicted, dispositive
11   and controlling California authority on point.

12   22.    The *Fischetti II* decision, having been issued and published by an appellate division of
13   the Orange County Superior Court, is mandatory and binding upon the Orange County Superior Court in
14   the UNDERLYING ATES ACTION, as a matter of law, pursuant to *Auto Equity Sales, Inc. v. Superior*
15   *Court* (1962) 57 Cal.2d 450, 455, and therefore Plaintiff's citation of the *Fischetti II* decision, as counsel
16   of record for, and on behalf of his client, DEFENDANT JENNINGS, in the UNDERLYING ATES
17   ACTION, will necessitate and result in a complete dismissal of the UNDERLYING ATES ACTION.

18   23.    The Appellate Division concluded, in electing to certify *Fischetti II* for publication, that
19   the *Fischetti II* decision met publication criteria of C.R.C. Rule 8.1105(c) including, but not limited to,
20   advancing a new construction of and clarified the underlying statute at issue (Rule 8.1105(c)(4)), and
21   involved a legal issue of continuing public interest. (Rule 8.1105(c)(6)). Accordingly, under the express
22   language of recently-amended Rule 8.1105(c), the decision in *Fischetti II* should be published and was
23   in fact properly published.

24   24.    The Appellate Division concluded that *Vrska* met publication criteria of C.R.C. Rule
25   8.1105(c) including, but not limited to, advancing a new construction of and clarified the underlying
26   statute at issue (Rule 8.1105(c)(4)), and involved a legal issue of continuing public interest. (Rule
27   8.1105(c)(6)). Accordingly, under the express language of recently-amended Rule 8.1105(c), the
28   decision in *Vrska* should be published

5

1    25.    Following issuance of the *Fischetti II* decision on December 18, 2008, the City of Santa
2    Ana (who was duly represented by the Office of the Orange County District Attorney in the *Fischetti II*
3    matter) wrote directly to Defendants JUSTICES OF THE CALIFORNIA SUPREME COURT, and
4    requested, pursuant to California Rules of Court, Rule 8.1125, that the *Fischetti II* decision be
5    depublished. The City of Santa Ana had previously represented to Defendant in the discovery phase of
6    the *Fischetti* action, that it had no authority over the prosecution of the *Fischetti* matter.

7    26.    On February 25, 2009, the California Supreme Court, without comment or explanation,
8    ordered the *Fischetti II* decision to be depublished pursuant to C.R.C. Rule 8.1125.

9    27.    As a direct result of the Supreme Court's February 25, 2009 depublication of the *Fischetti*
10   *II* decision, Plaintiff has been prevented and precluded by C.R.C. Rule 8.1115(a), as a matter of law,
11   from citing *Fischetti II*, and arguing to the trial court on behalf of Defendant JENNINGS that the
12   content of the *Fischetti II* decision coupled with its attribution to the Appellate Department of the
13   Superior Court of California, County of Orange, together with the established facts of the case, require
14   that trial court to dismiss charges against his client, Defendant JENNINGS, in the UNDERLYING
15   ATES ACTION, as a result of which Defendant JENNINGS has been deprived of a complete defense as
16   a matter of law to the UNDERLYING ATES ACTION.

17   28.    Plaintiff has been instructed by the Appellate Court of California in *Schmier v. Supreme Court*
18   *of California*, 96 Cal.App.4th 873, 117 Cal.Rptr.2d 497 (2002) (hereinafter *Schmier II*) that citation to
19   unpublished decisions of the appellate courts of California is not allowed.

20   29.    Plaintiff has been instructed by the Appellate Court of California in *Schmier v. Supreme Court*
21   *of California*, 2003 Cal. App. Unpub. LEXIS 11636 (hereinafter *Schmier III*) that citation of unpublished
22   but relevant authority is not within the ambit of protection created by the 1st and 14th Amendments of the
23   United States Constitution.

24   30.    Plaintiff reasonably understands that citing unpublished decisions issued by appellate courts of
25   California will result in discipline by Defendants and his right of free speech is thus chilled..

26   31.    Were Plaintiff to speak or utter the citation of *Fischetti II* or any part thereof, and attribute
27   it to the Appellate Division of the Superior Court in the regular manner of the use of precedent in
28   common law courts in the zealous defense of Defendant JENNINGS and to secure a dismissal of said

6

1    UNDERLYING ATES ACTION, Plaintiff will be subjected to monetary sanctions and/or contempt

2    proceedings by the underlying Trial Court, as well as professional discipline imposed by the State Bar of

3    California including, but not limited to, reproval, suspension, and/or disbarment, which discipline

4    imposed at any level would remain permanently as derogatory information on Plaintiff's record of

5    licensure with the State Bar, and/or would inflict injury in Plaintiff's professional reputation, and

6    prevent or preclude his ability to be retained by new clients as a result of such publicly-disclosed bar

7    record information and/or will result in his being deprived of the right and ability to practice law and

8    thus earn a livelihood in the State of California.

9    32.    California has a common law judicial system wherein prior decisions of appellate courts

10    limit the discretion of judges. The common law system presumes access to precedent.

11    33.    Were Plaintiff to *not* speak or utter the citation of *Fischetti II* or any part thereof, and

12    attribute it to the Appellate Division of the Superior Court in the regular manner of the use of precedent

13    in common law courts, Plaintiff might be charged with professional negligence for *not* bringing to the

14    trial court's attention the exonerating authority of *Fischetti II*, *Vrska* and *Fischetti I*.

15    34.    Plaintiff cannot obtain resolution of the federal questions presented herein as a part of the

16    Defendant JENNINGS proceeding.

17    35.    Rule 8.1115(a) is a content-based prior restraint of the speech of Plaintiff that is

18    appropriate and required of him in the practice of law, and in the defense of Defendant JENNINGS.

19

20    **FIRST COUNT - INJUNCTIVE RELIEF FOR VIOLATION OF**

21    **CIVIL RIGHTS FOR PRIOR RESTRAINT - 42 U.S.C. § 1983**

22    (As Against JUSTICES OF THE CALIFORNIA SUPREME COURT; MEMBERS OF THE

23    JUDICIAL COUNCIL OF CALIFORNIA; SCOTT DREXEL, in his capacity as Chief Trial Counsel

24    for the State Bar of California; COMMISSIONER KENNETH I. SCHWARTZ, in his capacity as

25    Traffic Judge, Dept. C54, Superior Court of California, County of Orange; ANTHONY

26    RACKAUCKAS, District Attorney for the County of Orange; and DOES 1 through 50, inclusive,

27    for Declaration that C.R.C. Rule 8.1115(a) is Invalid, Unconstitutional Prior Restraint)

28

7

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1    36.    Plaintiff realleges and incorporates by reference each of the allegations of paragraphs 1
2    through 35, above, as though fully set forth herein.

3    37.    Under Art. VI, § 14, "The Legislature shall provide for the prompt publication of such
4    opinions of the Supreme Court and courts of appeal as the Supreme Court deems appropriate, and those
5    opinions shall be available for publication by any person. Decisions of the Supreme Court and courts of
6    appeal that determine causes shall be in writing with reasons stated"

7    38.    In 1967, the California Legislature enacted Cal. Gov't.C. § 68902, which provides that
8    "[s]uch opinions of the Supreme Court, of the courts of appeal, and of the appellate divisions of the
9    superior courts as the Supreme Court may deem expedient shall be published in the official reports. The
10   reports shall be published under the general supervision of the Supreme Court."

11   39.    Pursuant to authority granted to it pursuant to Cal. Const. Art. VI, § 6(d), the JUDICIAL
12   COUNCIL OF CALIFORNIA has authority to adopt statewide rules of court, which have the force and
13   effect of law, provided such rules of court may not conflict with statutory and/or constitutional law.
14   Under Cal. Const. Art. VI, § 6(d) and subsequently decided California case authorities, any rules of court
15   adopted by the JUDICIAL COUNCIL OF CALIFORNIA, which conflict with other statutory or
16   constitutional law of the State of California, are invalid.

17   40.    Effective November 11, 1966, the JUDICIAL COUNCIL OF CALIFORNIA
18   promulgated C.R.C. Rule 976, since renumbered Rule 8.1105(e)(2), which states in pertinent part that
19   "The Supreme Court may order that an opinion certified for publication is not to be published.."

20   41.    Effective January 1, 1974, the JUDICIAL COUNCIL OF CALIFORNIA promulgated
21   C.R.C. Rule 977, since renumbered Rule 8.1115(a) in 2007, which now states, in pertinent part, that:
22   "Except as provided in (b), an opinion of a California Court of Appeal or superior court appellate
23   division that is not certified for publication or ordered published must not be cited or relied on by a court
24   or a party in any other action."

25   42.    Neither § 6 nor § 14 of Art. VI the California Constitution, nor Cal. Gov't.C. § 68902
26   confer any authority upon on the California Supreme Court or JUDICIAL COUNCIL OF CALIFORNIA
27   to restrain the mention of and/or reference or citation by members of the State Bar of California to any
28   unpublished or depublished opinions of the Courts of Appeal.

8

1    43.    In 1975, the JUDICIAL COUNCIL OF CALIFORNIA adopted C.R.C. Rule 227, now
2 renumbered Rule 2.30 (effective January 1, 2007), specifically authorizing the imposition of monetary
3 sanctions against any attorney or party violating any of the California Rules of Court including, but not
4 limited to, C.R.C. Rule 8.1115(a). Violation of California Rules of Court including , but not limited to,
5 C.R.C. Rule 8.1115(a), are also grounds for imposition of professional discipline by the State Bar of
6 California including, but not limited to, reproval, suspension, and/or disbarment.

7    44.    The exercise by the California Supreme Court of its authority conferred by Art. VI, § 14,
8 of the California Constitution on or about February 25, 2009, ordering the *Fischetti II* decision to be
9 depublished was based on the specific content of the *Fischetti II* decision in regard to said appellate
10 court's construction and interpretation of Cal.Veh.C. § 21455.5(b) and its provenance as a decision of
11 the Appellate Department of the Superior Court of California, County of Orange.

12    45.    At all times herein mentioned, Defendants and each of them, have promulgated and
13 enforced, and continue to enforce, C.R.C. Rule 8.1115(a) while acting under color of the state law of the
14 State of California.

15    46.    Pursuant to the 1st and 14th Amendments of the United States Constitution and California
16 Constitution, Art. I, § 2, Plaintiff has a right to freedom of speech while acting on behalf of and as
17 counsel of record, for his clients, including DEFENDANT JENNINGS, which right to freedom of
18 speech may not be restrained or abridged by the States of the United States, including the State of
19 California.

20    47.    At all times herein mentioned, C.R.C. Rule 8.1115(a) has and continues to violate
21 Plaintiff's aforementioned constitutionally-protected right to freedom of speech, in that said Rule
22 specifically orders and decrees in advance that Plaintiff may not orally or in writing, cite, or attribute to
23 the Appellate Division of the Superior Court, County of Orange, the *Fischetti II* decision, the *Vrska*
24 decision, or the *Fischetti I* decision to the trial Court in which the UNDERLYING ATES ACTION is
25 now pending, and that if such unpublished decision were cited or mentioned by Plaintiff, the trial court
26 therein may not in any event consider or rely upon such exercise of free speech, under immediate penalty
27 of imposition upon Plaintiff of monetary sanctions against Plaintiff personally under C.R.C. Rule 2.30
28 and/or imposition of publicly-imposed professional discipline against Plaintiff, harming his professional

9

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1   reputation and/or depriving him of the right to practice law in the State of California, including
2   imposition of the penalties of reproval, suspension and/or disbarment, and as a result thereof, C.R.C.
3   Rule 8.1115(a) is, as a matter of law, an unconstitutional content-based prior restraint of Plaintiff's right
4   to free speech guaranteed by the 1st and 14th Amendments of the U.S. Constitution imposed by the
5   JUDICIAL COUNCIL OF CALIFORNIA, and is further Constitutionally invalid pursuant to California
6   Constitution, Art. VI, § 6(d), as in direct conflict with Art. I, § 2(a) of said California Constitution.

7       48.     In promulgating and continuously enforcing C.R.C. Rule 8.1115(a), Defendants and each
8   of them are depriving, and continue to deprive Plaintiff, under color of state law, of his civil rights
9   guaranteed by the 1st and 14th Amendments of the U.S. Constitution, in violation of 42 U.S.C. § 1983.

10      49.     As a direct result of the aforementioned violation by Defendants and each of them, of
11  Plaintiff's rights under color of State law, Plaintiff has suffered and continues to suffer irreparable harm
12  and injury, and has no adequate or speedy remedy at law, and accordingly Plaintiff seeks temporary,
13  preliminary and permanent injunctive relief enjoining the Defendants and each of them, from the
14  continuing promulgation and enforcement of C.R.C. Rule 8.1115(a).

15

16                  **SECOND COUNT - FOR DECLARATORY RELIEF - 28 U.S.C. § 2201**

17  (As Against Defendants JUSTICES OF THE CALIFORNIA SUPREME COURT; MEMBERS OF
18  THE JUDICIAL COUNCIL OF CALIFORNIA; SCOTT DREXEL, in his capacity as Chief Trial
19  Counsel for the State Bar of California; COMMISSIONER KENNETH I. SCHWARTZ, in his
20  capacity as Traffic Judge, Dept. C54, Superior Court of California, County of Orange; ANTHONY
21  RACKAUCKAS, District Attorney for the County of Orange; and DOES 1 through 50, Inclusive,
22  for Declaration that C.R.C. Rule 8.1115(a) is Invalid, Overbroad Unconstitutional Prior Restraint)
23

24      50.     Plaintiff realleges and incorporated by reference each of Paragraphs 37 through 50 of the
25  First Cause of Action, as though fully set forth herein.

26      51.     Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaratory judgment that C.R.C. Rule
27  8.1115(a) is an overbroad unlawful prior restraint unconstitutionally violative of Plaintiff's fundamental
28  rights guaranteed by Amendments 1 and 14 of the United States Constitution, and Art. I, §2(a) of the

                                                    10

1    California Constitution, and is further axiomatically invalid pursuant to California Const. Art. VI, § 6(d)

2    of the California Constitution as in direct conflict with Art I, § 2 of the California Constitution.

3

4                                        **PRAYER**

5           WHEREFORE, Plaintiff prays judgment against Defendant as follows:

6       1.      For temporary, preliminary and permanent injunctive relief enjoining the Defendants and

7    each of them, from the continuing promulgation and enforcement of C.R.C. Rule 8.1115(a) as a content-

8    based prior restraint against Plaintiffs right to freedom of speech in violation of Plaintiff's civil rights

9    guaranteed by the 1st and 14th amendments of the U.S. Constitution;

10      2.      For a declaration and judgment by this Court pursuant to 28 U.S.C. § 2201, that C.R.C.

11   Rule 8.1115(a) is void and invalid as a prior restraint unconstitutionally violative of Plaintiffs

12   fundamental rights guaranteed by Amendments 1 and 14 of the United States Constitution, and Art. I,

13   §2(a) of the California Constitution, and as further axiomatically invalid pursuant to California Const.

14   Art. VI, § 6(d) of the California Constitution as in direct conflict with Art I, § 2 of the California

15   Constitution;

16      3.      For costs of suit herein; and

17      4.      For such other and further relief as this Court may deem proper and/or just.

18
     DATED:      June $\cancel{8}$, 2009                    THE AFTERGOOD LAW FIRM
19

20
                                              By:_____
21                                                 AARON D. AFTERGOOD,
                                                   Attorneys for Plaintiff.
22

23

24

25

26

27

28

                                              11

1          **DEMAND FOR TRIAL BY JURY**

2          Plaintiff hereby demands a trial by jury.

3    DATED:       June/6, 2009                    THE AFTERGOOD LAW FIRM

4

5                                        By: _____
                                              AARON D. AFTERGOOD,
6                                             Attorneys for Plaintiff.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        12
                    **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**