IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH J. SCHMIER,

    Plaintiff,

  v.

JUSTICES OF THE CALIFORNIA
SUPREME COURT, *et al.*,

    Defendants.
                                         /

No. C 09-02740 WHA

**ORDER DENYING APPLICATION
FOR PRELIMINARY INJUNCTION**

## INTRODUCTION

This action challenges Rule 8.1115(a) of the California Rules of Court. This rule precludes citation to unpublished decisions. Plaintiff, a practicing attorney, seeks injunctive relief to bar the enforcement of the rule because he is representing a defendant in a criminal traffic case scheduled for trial in state court, and he wishes to cite unpublished authority. For the reasons that follow, plaintiff's application is **DENIED**.

## STATEMENT

A member of the State Bar of California, plaintiff is currently representing Michael N. Jennings in a pending criminal matter before the Orange County Superior Court. On March 12, 2009, Jennings received a citation pursuant to Section 21453(a) of the California Vehicle Code for allegedly running a red light at an intersection monitored by an Automated Traffic Enforcement System. The charge brought against Jennings was based exclusively on a recording made by that system. The infraction does not carry any possibility of incarceration.

Plaintiff indicates that Jennings will offer reliable evidence that the City of Santa Ana failed to comply with Section 21455.5(b) of the Code, which required a warning notice to be issued when automated traffic enforcement systems were installed. Plaintiff cited to *People v. Fischetti*, 2009 WL 221042, at *1 (2008), an order of the Appellate Division of the Orange County Superior Court, stating that a municipality's failure to comply with Section 21455.5(b) is a complete defense. That order, which was originally published, was later depublished by the California Supreme Court.

Pursuant to Rule 8.1115(a) of the California Rules of Court, plaintiff is prohibited from citing unpublished authority. Plaintiff wishes to cite the depublished *Fischetti* order and other unpublished orders allegedly on point in Jennings' defense. He claims that he could be subjected to sanctions under this rule if he were to cite these orders. He seeks an injunction to restrain defendants from "promulgating and/or enforcing" the no-citation rule.

Plaintiff has unsuccessfully challenged *California's* no-citation rule in state court on multiple prior occasions. Plaintiff has also challenged the *Ninth Circuit's* rules regarding the publication of judicial opinions. His prior federal action was dismissed without reaching the merits of the claim. *See Schmier v. United States Court of Appeals for Ninth Circuit*, 279 F.3d 817, 825 (9th Cir. 2002) (affirming Judge Walker's dismissal of the action on standing grounds). Plaintiff now brings yet another attempt to challenge California's no-citation rule, arguing that the rule contravenes the First Amendment.

This action was filed on June 19, 2009, along with a motion for a temporary restraining order or preliminary injunction. A June 23 order denied plaintiff's application for a TRO because his client's court date was not until July 22, 2009, and instead established an expedited briefing and hearing schedule on the application for a preliminary injunction. A hearing was held July 16, 2009, at which the application for injunctive relief was orally denied for the reasons that follow.

**ANALYSIS**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

2

the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008).

Plaintiff has fully litigated the issue in actions against the same parties in state court and is precluded by *res judicata* from raising the same issue again in federal court. Most recently, in *Schmier v Supreme Court of California et al.*, Case No. A101206, *cert. denied* 543 U.S. 818 (2004), the California Court of Appeal ruled that the no-citation rule (then Rule 977, which as been revised and renumbered as the current Rule 8.1115) does *not* violate the First Amendment. It rejected plaintiff's application for injunctive relief to bar defendants from enforcing the rule. Plaintiff had twice previously challenged California's rules regarding the publication of opinions in state court, albeit on slightly different grounds, with the same result. *Schmier v. Supreme Court*, 78 Cal. App. 4th 703 (2000); *Schmier v. Supreme Court*, 96 Cal. App. 4th 873 (2002).

Contrary to plaintiff's counsel, these California decisions *did* reach — and reject — the merits of his claim. Granted, the *Ninth Circuit's* decision in *Schmier v. United States Court of Appeals for Ninth Circuit* rejected Schmier's challenge to the analogous Ninth Circuit rule on standing grounds, but the California decisions *did* fully litigate the merits. The 2000 and 2002 decisions rejected broader challenges to California's rules regarding the publication of opinions. The 2004 decision addressed and rejected the precise claim plaintiff now makes — a First Amendment challenge to California's no-citation rule (then Rule 977, now Rule 8.1115). Quoting the United States Supreme Court, it explained:

> the high court stated that "in the courtroom itself, during a judicial proceeding, whatever right to 'free speech' an attorney has is extremely circumscribed" . . . *As we concluded in Schmier I, the "no citation" rule does not encroach on this "extremely circumscribed" right*.

*Schmier v Supreme Court of California et al.*, Case No. A101206, *cert. denied* 543 U.S. 818 (2004) (emphasis added; citation omitted). Therefore, plaintiff is barred by *res judicata* from relitigating the same issue in this action.

\*   \*   \*

At all events, this order rejects the First Amendment claim on the merits. Plaintiff cites no on-point authority for the proposition that no-citation rules are unconstitutional. To the

3

contrary, decisions of the Supreme Court and Ninth Circuit have explained that, as a general matter, the judiciary is afforded latitude in constructing court rules of speech and conduct. *See, e.g. Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1071 (1991) (stating that it is "unquestionable that in the courtroom itself, during a judicial proceeding, whatever right to 'free speech' an attorney has is extremely circumscribed"). First Amendment claims brought by attorneys as officers of the court are closely scrutinized. *Levine v. District Court*, 764 F.2d 590, 595 (9th Cir. 1985).

The Ninth Circuit rejected a challenge (on different grounds) to the since-amended Ninth Circuit rule regarding the publication of judicial opinions. It so doing it explained,

> [s]ome state court systems apply the binding authority principle differently than do the federal courts . . . The California Supreme Court may "depublish" a court of appeal opinion — *i.e.*, strip a published decision of its precedential effect . . . California's depublication practice shows that it is possible to adopt more aggressive methods of managing precedent than those used by the federal courts.

*Hart v. Massanari*, 266 F.3d 1155, 1174 n.30 (9th Cir. 2001). Granted, in 2006 the federal rules were amended to add Federal Rule of Appellate Procedure 32.1, which rejects rules barring citation to unpublished judicial decisions that were published after January 1, 2007.[*] Plaintiff also cites policy debates on the subject, including statements by Justice Alito. This *federal* rule is inapplicable in this instance, however, and in all respects court rules and the cited policy debates do not establish or suggest a constitutional rule. In fact, although federal courts can no longer bar citation to unpublished opinions decided after January 1, 2007, the Ninth Circuit's rule still prohibits citation to unpublished opinions issued prior to that date. Ninth Circuit Rule 36-3(c). This strongly suggests that the determination regarding whether or not courts may prevent citation to unpublished authority is not grounded in the Constitution.

First Amendment claims are evaluated differently according to the forum in which they are raised. *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 797–800 (1985).

---

[*] Specifically, FRAP 32.1(a) states: "**Citation Permitted**. A court may not prohibit or restrict the citation of federal judicial opinions, orders, judgments, or other written dispositions that have been: (i) designated as 'unpublished,' 'not for publication,' 'non-precedential,' 'not precedent,' or the like; and (ii) issued on or after January 1, 2007.'"

4

Courts of law are considered "nonpublic fora" to which a much higher hurdle for establishing a constitutional violation applies. Under this standard, restrictions on free expression in nonpublic fora are constitutional if the distinctions drawn (1) are reasonable in light of the purpose served by the forum and (2) are viewpoint neutral. *Sammartano v. First Judicial Dist. Court*, 303 F.3d 959, 966 (2002). The Ninth Circuit made clear in *Sammartano* that while the reasonability standard was not one of rationality alone, a restriction would not violate the Constitution merely because it was "less reasonable" than its alternatives. *Id.* at 966–67.

Under this relatively forgiving standard, the no-citation rule is constitutionally reasonable. Decisions that have considered challenges to rules regarding the publication of decisions have rejected such claims. As Judge Thelton Henderson has explained, "[u]nder California's system for publication and citation of cases, unpublished and uncitable opinions should not announce new rules at all . . . To the extent that unpublished cases do so, it is because the Court of Appeal misapplied the publication criteria — an argument to be raised on direct appeal, and not in a challenge to the citation rule." *Hild v. California Supreme Court*, 2008 WL 544469, at *3 (N.D. Cal. 2008), *appeal pending*, No. 08-15785.

Plaintiff proposes that his First Amendment claim should be analyzed under *Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 293 (1984), the standard for *public* fora:

> [e]xpression, whether oral or written or symbolized by conduct, is subject to reasonable time, place, or manner restrictions. We have often noted that restrictions of this kind are valid provided that they are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information.

Even under this standard, plaintiff is unlikely to succeed on the merits. *See Simon & Schuster, Inc. v. N.Y. State Crime Victims Bd.*, 502 U.S. 105, 127–28 (1991) (providing a list of ways in which a rule or regulation may be content-based, none of which are implicated in the present matter). At the very outset, plaintiff cannot demonstrate that the no-citation rule fails the content-neutrality requirement on its face. In *Boos v. Barry*, 485 U.S. 312, 320 (1988), the Supreme Court described "content-neutral speech restrictions as those that are *justified* without reference to the content of the regulated speech." Applying this test to the present case,

5

Rule 8.1115(a), which prohibits citation to unpublished decisions, says nothing about the content of such decisions. As in *Boos*, although this Rule pertains to "a particular category of speech," it appears likely that "its justification had nothing to do with that speech." *Ibid*. Under the *Boos* standard, plaintiff's contention that the no-citation rule runs afoul of the First Amendment is unpersuasive. For all of these reasons, plaintiff's First Amendment challenge to California's no-citation rule is rejected.

Many good reasons justify treating even an appellate decision as nonprecedential. The lawyering may have been poor. The record may have been sketchy. No new issue may have been raised. The opinion may be subject to misinterpretation or contain too much dicta or be out of step with precedent. The California Supreme Court, with its bone-crushing caseload, could not possibly hear and decide all such cases and must resort to depublication of lower court decisions from time to time. Given the sheer volume of the state's caseload — there are 600-plus trial judges in Los Angeles County alone — it is worthwhile, as a concession to the shortness of life, to reduce to a manageable level the universe of opinions that the public, counsel and judges must sift to learn the law.

Given that at least some appellate outcomes may be eliminated as precedent, it follows that appellate judges must have discretion to select and deselect those that should or should not be binding. True, reasonable minds may differ over which ones should count. But someone must decide — better the judges than the lawyers, who have a manifest bias. Likewise, it follows that a rule of court may limit counsel to citing *only* authorized precedent. Otherwise, the whole point of limiting the body of precedent would be defeated. If nonprecedential decisions could be cited, then opposing counsel and judges desiring to be thorough would be forced to examine the lawyering and records in nonbinding decisions to understand their contexts and results. Lawyers would be tempted to enlarge earlier threadbare records with "testimony" as to what really happened in their earlier victories. Vast time would be spent on marching over unilluminated landscapes.

California has a magnificent judicial system, perhaps the best of the fifty states, but even it has limits of human endurance. Yes, a drunk driver in one case may escape in a

6

1  depublished opinion and a later one may regret being unable to ride on his coattails. Yes, there
2  may be some deviations in outcomes, some falling on the wrong side of the published line.
3  But some deviations are inevitable in any system. The few deviations from uniform justice
4  produced by the California precedent system are a small price to pay for its overall coherence
5  and deliberate development. Other citation systems may work elsewhere but California has
6  selected a reasonable one — and nothing in the Constitution bars it from doing so and requiring
7  its lawyers and judges to honor it.

*       *       *

In their opposition brief, defendants request an order requiring pre-filing review of plaintiff's future lawsuits in this district. Plaintiff was given an opportunity to brief the issue following the hearing. Plaintiff's supplemental brief has now been received. This order concludes that a pre-filing review order is inappropriate at this time.

The Ninth Circuit has explained that, in appropriate circumstances, district courts may enjoin litigants with "abusive and lengthy histories" of litigation. 28 U.S.C. 1651(a); *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir.1990). Before entering such an order, it explained, the court should: (1) afford the litigant notice and an opportunity to respond; (2) create an adequate record for review, including a listing of the cases or motions that lead to the order; (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) be narrowly tailored to closely fit the specific "vice" encountered. *Id.* at 1147–48.

A pre-filing review order is premature. Granted, plaintiff certainly has a lengthy litigation history. He has challenged California's rules regarding the publication of judicial opinions, including the no-citation rule, three times in *state* court, and he has challenged the analogous Ninth Circuit rule once in this district (and ultimately in the Ninth Circuit). Each of these actions was rejected. The instant lawsuit, however, is plaintiff's first action challenging *California's* no-citation rule in federal court (as opposed to the analogous federal rule), and his prior action in federal court challenging the Ninth Circuit's analogous no-citation rule did not result in a ruling on the merits. A pre-filing review order is not yet warranted.

7

Plaintiff, however, has now fully litigated the issue in this district; such an order may well become appropriate if further similar actions are forthcoming.

## CONCLUSION

In sum, plaintiff has failed to establish the likelihood of success on the merits of this claim. The claim is barred by *res judicata* and, moreover, this order has found the claim to be entirely without merit. Therefore, plaintiff's application for a preliminary injunction is **DENIED**. Since this effectively ends this case, plaintiff is **ORDERED TO SHOW CAUSE** by **AUGUST 5, 2009, AT NOON**, why this case should not be dismissed and judgment entered for defendants, thus allowing for a prompt appeal.

**IT IS SO ORDERED.**

Dated: July 27, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE